UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH MAC LANE,

                Plaintiff,                                  Hon. Robert J. Jonker

v.                                              Case No. 1:25-cv-646

VILLAGE OF CASSOPOLIS, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 6) and Defendants' Motion for Sanctions (ECF No. 8).    Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' Motion for Sanctions (ECF No. 8) be denied, Defendants' Motion to Dismiss (ECF No. 6) be granted, and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against the Village of Cassopolis and Building Inspector Adam Dahlgren.    (ECF No. 1).    While Plaintiff's complaint is thin on specifics, this much is clear.    At some point, the Village of Cassopolis undertook to condemn and/or demolish certain property Plaintiff owned.    Plaintiff challenged the Village's actions in state court, suing the same two Defendants named herein.

Defendants secured dismissal of Plaintiff's action in the trial court. Plaintiff's subsequent appeal to the Michigan Court of Appeals was dismissed as untimely asserted.

Plaintiff initiated the present action requesting that this Court "reinstate" his state court appeal on the ground that he timely pursued such. Defendants now move to dismiss Plaintiff's complaint on the ground that this Court lacks subject matter jurisdiction to provide the relief Plaintiff seeks. Plaintiff has responded to Defendants' motion. The Court finds that oral argument is unnecessary. *See* W.D. MICH. LCIVR 7.2(d).

## ANALYSIS

### I.    Motion to Dismiss

A fundamental question presented by every action in federal court is whether the court has jurisdiction to hear that case. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). The jurisdiction of the federal district courts is limited only to matters expressly authorized by the Constitution or other federal law. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). It is presumed that "a claim lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). To survive a Rule 12(b)(1) challenge, Plaintiff must establish that the Court has subject matter jurisdiction over his claims. *See, e.g., Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co., Ltd.,* 807 F.3d 806, 810 (6th Cir. 2015).

-2-

To sufficiently allege jurisdiction, Plaintiff's complaint must contain "facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Carrier Corp. v. Outkumpu Oyj,* 673 F.3d 430, 440 (6th Cir.2012).   Because Defendants are challenging the sufficiency of Plaintiff's allegations, rather than the accuracy of such, the allegations in Plaintiff's complaint "must be taken as true" and assessed to determine whether such demonstrate that jurisdiction is proper in this Court.   *See Carrier Corp.,* 673 F.3d at 440 (distinguishing between facial and factual challenges to a court's subject matter jurisdiction).

A.      Diversity Jurisdiction

Subject matter jurisdiction may be based on diversity of citizenship.   As this action does not involve citizens or subjects of a foreign state, diversity is established only if the parties are "citizens of different states" and the amount in controversy is greater than $75,000.   28 U.S.C. § 1332.   Plaintiff's complaint does not allege any amount in controversy.   Plaintiff likewise fails to allege or identify the citizenship of any of the defendants.   The undersigned concludes, therefore, that the Court cannot exercise diversity jurisdiction over Plaintiff's claims.

B.      Federal Question Jurisdiction

The Court may also hear this matter if Plaintiff has alleged a federal question. *See* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").   Under § 1331, federal courts have jurisdiction where a well-pleaded complaint shows that

-3-

"federal law creates the cause of action" or in situations where the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 473 U.S. 1, 27–28 (1983).

Plaintiff initiated this action seeking to reinstate an appeal that was dismissed as untimely by the Michigan Court of Appeals.   As the Supreme Court has long recognized, however, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" decisions rendered by a state court.   *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also, Durham v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").   Likewise, "federal courts have no authority to issue writs of mandamus to direct state courts of their judicial officers in the performance of their duties."   *Seyka v. Corrigan*, 46 Fed. Appx. 260, 261 (6th Cir., Aug. 27, 2002).

Because Plaintiff's complaint fails to demonstrate that federal law creates his cause of action or that this Court possesses the authority to afford the relief sought, the undersigned finds this Court cannot exercise federal question jurisdiction in this matter.

## II.    Motion for Sanctions

Alleging that Plaintiff initiated this action for improper purpose, specifically to harass Defendants and cause them to suffer increased litigation costs, Defendants move the Court to impose sanctions on Plaintiff under Federal Rule of Civil Procedure 11.

-4-

Rule 11 provides, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper. . .an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)    the claims, defenses, and other legal contentions are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; and
>
> (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

The test for whether sanctions are appropriate is "whether the individual's conduct was reasonable under the circumstances." *Katz v. Rabkin*, 213 Fed. Appx. 387, 389 (6th Cir., Jan. 9, 2007). Moreover, while a party's status as a pro se litigant does not constitute "an impenetrable shield" from the imposition of sanctions, the Rule 11 standard nevertheless "takes into account the special circumstances that often arise in pro se situations." *In re Polyurethane Foam Antitrust Litigation*, 165 F.Supp.3d 664, 666 (N.D. Ohio, 2015).

While Defendants' frustration is understandable, the Court is not persuaded that sanctions are warranted. While Plaintiff's complaint is without merit, that fact alone is insufficient to merit sanctions. *See, e.g., Krasner Loan Co., Inc. v. Ferraris*, 2025 WL 1373735 at *2 (W.D. Tenn., Mar. 21, 2025) (sanctions are not warranted merely because

a complaint is subject to dismissal).   Moreover, the Court notes that, while Plaintiff's complaint very much misses the mark, the general subject matter of his complaint, challenging adverse governmental action taken against private property, is not necessarily frivolous.

In sum, the Court constantly strives to balance two competing goals, the obligation to function as a reasonably open forum where parties can bring claims for relief balanced against the need to disincentivize parties from unfairly monopolizing the Court's and/or other party's limited time and resources.   At this juncture, the undersigned finds that this balance weighs against imposing sanctions against Plaintiff.   But, should Plaintiff persist in pursuing meritless litigation which unfairly taxes this Court's and/or Defendants' limited time and resources, such will likely warrant a different result.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendants' Motion for Sanctions (ECF No. 8) be denied, Defendants' Motion to Dismiss (ECF No. 6) be granted, and this matter terminated.   For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 14, 2025                                      /s/ Phillip J. Green
                                                            PHILLIP J. GREEN
                                                            United States Magistrate Judge